UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ROBERT LISBEY,<br>BOP #A24-902-889,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>HANSBUTT, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　06-1269 JM (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)** |

　　　　Plaintiff, Henry Robert Lisbey, a detainee currently incarcerated at the San Diego Correctional Facility in San Ysidro and proceeding pro se, has filed a civil rights action filed pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).

　　　　Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 2, 5].

**I.　　Motions to Proceed IFP [Doc. Nos. 2, 5]**

　　　　Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.

*See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows an average monthly balance of $87.89 and an average monthly deposit of $211.67 for the 6-month period immediately preceding the filing of his Complaint. Based upon this financial information, the Court **GRANTS** Plaintiff's Motions to Proceed IFP and assesses an initial partial filing fee of $42.33 pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) as set forth at the end of this Order.

**II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

In *Bivens*, the Supreme Court held that an action for money damages may be brought against federal agents acting under color of their authority for injuries caused by their unconstitutional conduct. 403 U.S. at 397; *see also Vacarro v. Dobre*, 81 F.3d 854, 856 (9th Cir. 1996). To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

Here it appears that Plaintiff is a pre-trial detainee and not a prisoner serving a criminal sentence, and thus, the Eighth Amendment does not apply to him. *Bell v Wolfish*, 441 U.S. 520, 535 n.16 (1979)

("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [petitioner] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

Rather, Plaintiff's conditions of confinement claims must be analyzed under "the more protective" substantive due process standard. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Wolfish*, 441 U.S. at 538-39 ("Absent a showing of an express intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'") (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). However, "the due process clause imposes, *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in custody ha(ve) the established right not to have officials remain deliberately indifferent'" to their needs. *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). The Court will therefore look to Eighth Amendment standards to determine the minimum level of protection afforded Plaintiff.

Plaintiff claims that he was denied a meal on one occasion by Defendant Hansbutt. (Compl. at 3-4.) To state a claim for cruel and unusual punishment, however, Plaintiff must allege facts sufficient to show that the conditions of his confinement subjected him to "unquestioned and serious deprivations of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes*, 452 U.S. at 347, 349. Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.

1982). However, prison food need not be "tasty or aesthetically pleasing," and it need only be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

Although the Ninth Circuit has never decided what exact quantity of prisoner food is necessary to pass constitutional muster, other courts have established guidelines. *See, e.g., Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (finding two meals a day sufficient if nutritionally and calorically adequate); *see also Sostre v. McGinnis*, 442 F.2d 178, 186, 193-94 (2d Cir. 1971) (finding diets of 2,800 to 3,300 calories per day constitutionally adequate); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding one meal a day for 15 days, where the meal contained 2,000-2,500 calories and was sufficient to maintain health, constitutionally adequate). It is clear, however, that even the complete denial of single meals on a few occasions is insufficient to support a claim of cruel and unusual punishment. *See e.g., Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) ("[T]hat Palmer may have missed one meal ... does not rise to the level of a cognizable constitutional injury"); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Wilkins v. Roper*, 843 F. Supp. 1327, 1328 (E.D. Mo. 1994) (denial of one meal does not give rise to constitutional violation).

Here, Plaintiff has failed to state a cruel and unusual punishment claim because he has failed to allege facts which show that he was denied sufficient food or nutrition necessary to maintain his health. *LeMaire*, 12 F.3d at 1456; *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) (when considering Eight Amendment challenges to the conditions of confinement, court should consider amount of time the prisoner was subject to the allegedly unconstitutional condition).

Accordingly, Plaintiff's Eighth Amendment cruel and unusual punishment claim must be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Plaintiff also claims that he was denied equal protection under the law when Defendant Hansbutt prevented Plaintiff from eating one meal. (Compl. at 4.) Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to

state a constitutional claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging violation of equal protection must allege membership in a protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Moreover, Plaintiff must also allege Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *See Barren*, 152 F.3d at 1194. In its current form, Plaintiff's Complaint falls short of these necessary pleading requirements, and thus, it must be dismissed for failing to state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

**III.    Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 2, 5] are **GRANTED**.

2. The Warden of the San Diego Correctional Facility, or his designee, is ordered to collect from Plaintiff's prison trust account a $42.33 initial filing fee and the $307.67 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this order on Joe Easterling, Warden, San Diego Correctional Facility, P.O. Box 439049, San Ysidro, California 92143-9049.

**IT IS FURTHER ORDERED** that:

4. The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

5. Plaintiff is granted forty five (45) days from the date this Order is stamped "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CA. CIV. L R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6. The Clerk of the Court is directed to mail to Plaintiff a form First Amended Complaint.

**IT IS SO ORDERED.**

DATED:  September 7, 2006

_____
Hon. Jeffrey T. Miller
United States District Judge